■ CORETTA JOHNSON et al., Appellants, v CITY OF NEW YORK et al., Respondents. [933 NYS2d 25]—

In this personal injury action, plaintiff mother, Coretta Johnson, alleged that when she was 12 days pregnant, she was injured when a police vehicle backed up and hit her as she was crossing a street. She further alleged that she sustained a stress fracture of her right tibia as a result of the accident, and that

the trauma and stress of the accident caused her to experience pregnancy complications resulting in an emergency cesarean section at 27 weeks.

The City defendants' evidence, consisting of medical records, deposition testimony and expert medical affirmations, established prima facie entitlement to summary judgment dismissing plaintiffs' claims as to the pregnancy complications, but not as to Johnson's leg injury. The report from the pathologist who examined the postdelivery placenta and blood specimens indicated that an infection was the cause of the infant plaintiff's premature delivery. In addition, plaintiff mother's history of preexisting gynecological issues established prima facie that the infant's premature birth was not due to placental abruption because of trauma from the accident.

In opposition, plaintiffs failed to raise triable issues of fact. The evidence plaintiffs submitted consisted solely of a preliminary medical determination prior to the delivery and conclusory statements. This evidence neither substantiated the claim that there was a placental abruption nor refuted the evidence that an infection was the cause of the infant plaintiff's premature birth. While the medical records note that plaintiff mother experienced chronic vaginal bleeding during her pregnancy, the evidence establishes that preexisting gynecological issues were the cause of the bleeding. Further, the conditions associated with a placental abruption, such as clotting and affected hemoglobin levels, were not present in the medical record (see generally Moore v New York Med. Group, P.C., 44 AD3d 393, 395-397 [2007], lv dismissed 10 NY3d 740 [2008]).

The record does not support plaintiffs' argument that the medical records and their medical expert's affirmation raised triable issues as to whether stress from the accident induced a placental abruption. As noted, the medical evidence did not substantiate the claim of placental abruption. Further, the prenatal care reports plaintiff mother's physicians prepared did not note an accident, nor did they record any complaints from her regarding stress or anxiety arising from the accident. Indeed, the evidence demonstrated that plaintiff had preexisting high blood pressure, and that she took medication to control this condition before her infant's birth.

However, plaintiffs did raise a factual issue as to whether the accident caused the fracture of plaintiff's right tibia. The City relied on the absence in the ambulance and emergency reports of any mention of a stress fracture or complaints about plaintiff's leg. Given that plaintiff had recently become pregnant via in vitro methods, it is understandable that she may have

focused on her pregnancy rather than on her leg. According to plaintiffs' expert, it was also reasonable for plaintiff to wait to seek medical treatment for her leg in order to avoid an X ray during her pregnancy. Moreover, documents from Lutheran Medical Center from as early as November 8, 2006, three weeks after the accident, indicate that plaintiff complained of pain in her right leg. At the time of her General Municipal Law § 50-h hearing, three months after the accident, plaintiff complained that since the accident she had constant, severe pain in her right leg.

In addition, records from Methodist Hospital dated April 28, 2007 indicate right lower extremity pain. X rays from that date revealed what doctors thought was most likely "a healing stress fracture." On May 3, 2007, plaintiff visited Dr. Ki-No Moon, complaining of pain and swelling in her right leg that began two weeks after the accident. Dr. Moon sent plaintiff for an MRI and referred her to Memorial Sloan Kettering for further care. The MRI from Memorial Sloan Kettering Hospital revealed a lesion on plaintiff's right tibia that a biopsy ultimately revealed to be "in keeping with a previous stress fracture." On October 16, 2007, plaintiff went to the emergency room at Methodist Hospital complaining of swelling in her right leg, that had persisted for the past month. In December 2007, plaintiff underwent a surgical procedure on her right tibia, as it had become infected.

According to plaintiffs' expert, orthopedic surgeon Dr. Jerry Lubliner M.D., plaintiff reports that she still has pain in her leg, cannot kneel or run, has difficulty walking and cannot work in her job as a security guard. Plaintiff claims she had no other injury to her right leg after the accident. Thus, the evidence more than amply raised an issue of fact as to whether plaintiff sustained a "serious injury" of a permanent nature to the right leg within the meaning of Insurance Law § 5102 (d). Concur—Andrias, J.P., Saxe, Moskowitz, Richter and Manzanet-Daniels, JJ.